## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION (at Lexington)

| | | |
|---|---|---|
| **MONTRIAL JOHNSON** | : | **Case No.** |
| **c/o Christopher Wiest, Esq.** | : | |
| **50 E. Rivercenter Blvd., Ste. 1280** | : | **Judge** |
| **Covington, KY 41011,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL DICK,** *in his individual capacity* | : | |
| **1020 Industry Road, Suite 40** | : | |
| **Lexington, KY 40505** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **Lexington Fayette Urban County Government** | : | |
| **c/o Linda Gorton, Mayor** | : | |
| **200 E. Main St.** | : | |
| **Lexington, KY 40507** | : | |
| | : | |

## VERIFIED COMPLAINT

Plaintiff, Montrial Johnson (Mr. Johnson) ("Plaintiff"), by and through counsel, for his

*Verified Complaint* (the "Complaint") against Defendants, Michael Dick ("Dick") and Lexington

Fayette Urban County Government ("Lexington"), state and allege as follows:

## INTRODUCTION

1.       This complaint seeks damages for civil rights violations committed against the

Plaintiff, in the form of a false stop and prolonged detention, by Defendant Michael Dick, in his

individual capacity, who was on duty as a Lexington Police Officer on September 13, 2025.  It

also seeks Monell liability against Lexington.  The actions complained of violated clearly

established law as set forth in *Rodriguez v. United States*, 575 U.S. 348, 354 (2015), *United*

*States v. Whitley*, 34 F.4th 522 (6th Cir. 2022), and *Hernandez v. Boles*, 949 F.3d 251, 257 (6th Cir. 2020).

2.     This action involves the deprivation of Mr. Johnson's Fourth Amendment rights by the Defendant Dick and Lexington. This action challenges, and seeks redress for, the Constitutional violations committed by Defendant Dick and Lexington under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. § 1988, and claims under state law.

## PARTIES

3.     At all times relevant hereto, Montrial Johnson was a citizen and resident of the Commonwealth of Kentucky.

4.     At all relevant times hereto, Defendant Dick was, and is, a citizen and resident of the Commonwealth of Kentucky.  He is also a member of the Lexington Police Department ("LPD").

5.     Finally, Lexington is a municipality chartered under Kentucky law as an urban-county government, pursuant to KRS Chapter 67A and is sued here for *Monell* liability.

## JURISDICTION AND VENUE

6.     Subject matter jurisdiction over the federal claims and causes of action asserted by Mr. Johnson in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 28 U.S.C. §1331.

7.     This Court has personal jurisdiction over Defendants because they are citizens of and reside in, or is a subdivision of, Kentucky.

8.     Venue in this District and division is proper, pursuant to 28 U.S.C. §1391 and other applicable law, because all of the deprivations of Plaintiff's Constitutional Rights occurred in counties within this District and Division.

**FACTS COMMON TO ALL CLAIMS**

9.      On September 13, 2025, at approximately 11:28 p.m., Officer Michael Dick, then employed with the Lexington Fayette Urban County Government, initiated a stop of Plaintiff Montrial Johnson's vehicle; Mr. Johnson was driving.

10.     For the avoidance of all doubt, Mr. Johnson committed no traffic violations, and his driving was unremarkable.

11.      Officer Dick contended, falsely, that the stop was for a violation of KRS 189.125, a seat belt violation.

12.     Immediately on contact with Mr. Johnson, Officer Dick asked to search the vehicle, and Mr. Johnson declined, at which time Officer Dick responded that he would have a K-9 unit respond to provide the LPD grounds to search the vehicle.

13.     Officer Dick, rather than proceeding to write a seat belt citation, instead contacted a K-9 unit, and then Officer Dick sat in his vehicle, without undertaking activities to write a citation, and continuing the detention of Mr. Johnson, at the side of the road, for approximately 16 minutes until the K-9 officer (LPD Officer Christopher Murner) showed up.

14.     Murner then walked his K-9 around Mr. Johnson's vehicle for approximately three minutes, where the dog did not alert.

15.     During the K-9 walk-around, the handler had the K-9 jump up on Mr. Johnson's vehicle, which scratched it; this activity was foreseeable as a consequence of Officer Dick's actions.

16.     After the K-9 failed to alert, Dick then instructed Mr. Johnson to obtain proof of vehicle insurance, which Mr. Johnson promptly provided, then returned to his vehicle, permitted Mr. Johnson to return to his vehicle, and wrote the citation in approximately five minutes.

3

17.    When such a seizure through an automobile stop occurs, it must be based on reasonable suspicion and Dick had no such reasonable suspicion.  The rights at issue were clearly established in *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

18.    Dick's subsequent detention of Mr. Johnson improperly and unconstitutionally expanded the scope of the investigation, in contravention of Mr. Johnson's constitutional rights under clearly established law.  *Rodriguez v. United States*, 575 U.S. 348, 354 (2015), *United States v. Whitley*, 34 F.4th 522 (6th Cir. 2022), and *Hernandez v. Boles*, 949 F.3d 251, 257 (6th Cir. 2020).

19.    To be clear: there was no probable cause for the seatbelt charge, and they were all instituted with the actionable, requisite malice.

20.    As a consequence of the foregoing, Plaintiff incurred damage, including loss of his liberty for the 20 minute period, damage to his vehicle from the K-9, and some emotional distress in an amount to be proven at trial, and such other damages as might be proven at trial.

### *Monell* Liability - Lexington

21. Defendant, Lexington is likewise liable for the foregoing Fourth Amendment violations, under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing First Amendment violations, because (i) the actions complained were done pursuant to an illegal official policy of the Lexington, including as evidenced by the fact that the Lexington Chief of Police signed off on the activities herein and other similar activities before the incident in question; (ii) the officials with final decision-making authority ratified and/or directed the complained of illegal actions including the Chief of Police; (iii) the City had and may still have a policy of inadequate training or supervision, with respect to Fourth Amendment violations, and have failed to train Dick and other officers regarding permissible stops and reasonable suspicion,

4

despite a pattern of complaints against Dick and other officers before this incident; and (iv) the Lexington had, at all times relevant hereto, and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

22.     Lexington is thus liable under *Monell* for the violations complained of.

### COUNT I – VIOLATION OF FOURTH AMENDMENT

23.     Plaintiff hereby incorporates the preceding paragraphs of his Complaint as if fully set forth herein.

A.      Fourth Amendment Violation – no basis for the stop

24.     When such a seizure though an automobile stop occurs, it must be based on reasonable suspicion under the Fourth Amendment, and Dick had no such reasonable suspicion. The rights at issue were clearly established in *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

B.      Fourth Amendment Violation – no basis for the investigation

25.     Defendant, Dick's activities after the stop unconstitutionally expanded the scope of the investigation, in contravention of Mr. Johnson's constitutional rights under clearly established law under the Fourth Amendment. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999); *Rodriguez v. United States*, 575 U.S. 348, 354 (2015), *United States v. Whitley*, 34 F.4th 522 (6th Cir. 2022), and *Hernandez v. Boles*, 949 F.3d 251, 257 (6th Cir. 2020).

F.      General allegations

26.     Plaintiff is a citizen of the United States of America.

27.     Plaintiff also has clearly established rights and protections under the Fourth Amendment to the United States Constitution.

28. Dick, using his office and acting under color of state law, violated Plaintiff's Fourth Amendment Rights, which has deprived, are depriving, and will deprive them of their rights to "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" which rights are clearly established. Defendant Dick thereby subjected himself under 42 U.S.C. § 1983, to liability for monetary damages sought herein.

29. Dick abused the authority of his office and, while acting under color of law and with knowledge of Plaintiff's clearly established rights, used his office to violate Plaintiff's Fourth Amendment rights.

30. As against Dick, Plaintiff further states that he was the actors responsible for the constitutional violations complained of, including the unlawful and unconstitutional stop, and unlawful and unconstitutional continued detention, and other breaches of the Constitution as set forth herein. As such, Plaintiff seeks damages in an amount to be determined at trial under 42 U.S.C. § 1983, for violations of their clearly established constitutional rights as set forth herein. The measure of such damages shall be proven at trial.

31. Plaintiff further seeks punitive damages against Dick, in his individual capacity, since his actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff demands judgment on these punitive damages against Dick, in his individual capacity, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as prayed for, including:

6

A.  That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional;

B.  That Plaintiff be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendant, and compensatory damages against Lexington, in an amount to be proven at trial;

A.  That trial by jury be had on all issues so triable;

B.  That Plaintiff be awarded his costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

C.  Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KY 90725)
Theodore Roberts (KY 100610)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
513/257-1895 (c)
chris@cwiestlaw.com
**Attorney for Plaintiff**

7

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Montrial Johnson, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate to the best of my knowledge.


Executed on July _6_, 2026.


_Montrial Johnson_
Montrial Johnson